**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| AZURITY PHARMACEUTICALS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> BIONPHARMA INC., <br><br> *Defendant*. | C.A. No. 21-1286-MSG <br> C.A. No. 21-1455-MSG |

**DEFENDANT BIONPHARMA'S BRIEF IN SUPPORT OF ITS MOTION**
**FOR RECONSIDERATION ON SCHEDULING**

*Of Counsel*:

Andrew M. Alul
Luke T. Shannon
Roshan P. Shrestha, Ph.D.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
312-527-4000

Aaron M. Johnson
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-977-8400

Christopher J. Kelly
MAYER BROWN LLP
Two Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000

Dated:  March 8, 2023

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE  19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendant*
*Bionpharma Inc.*

## TABLE OF CONTENTS

TABLE OF ABBREVIATIONS ................................................................................................ iii

INTRODUCTION AND SUMMARY OF ARGUMENT ....................................................... 1

STATEMENT OF THE NATURE OF THE CASE AND PROCEEDINGS ............................ 2

ARGUMENT ........................................................................................................................... 4

I.      LEGAL STANDARD.................................................................................................... 4

II.     THE AMENDED SCHEDULING ORDER MUST BE VACATED TO PREVENT
        MANIFEST INJUSTICE................................................................................................ 4

III.    AT LEAST 9 MONTHS OF FACT DISCOVERY ARE REQUIRED FOR
        BIONPHARMA TO ADEQUATELY DEVELOP ITS ANTITRUST CASE.................. 8

IV.     AN ADDITIONAL 5 MONTHS OF FACT DISCOVERY WILL POSE NO
        PREJUDICE TO AZURITY............................................................................................ 9

CONCLUSION......................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Max's Seafood Cafe v. Quinteros*,
  176 F.3d 669 (3d Cir. 1999) ........................................................................................ 4

*Sentient Sensors, LLC v. Cypress Semiconductor Corp.*,
  C.A. No. 19-1868 (MN), 2021 WL 1966406 (D. Del. May 17, 2021) ...................................... 4

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
| --- | --- |
| '008 patent | U.S. Patent No. 9,669,008 B1 (D.I.[*] 9-3, 7/13/21 Shrestha Decl. Ex. C) |
| '023 patent | U.S. Patent No. 11,040,023 B2 (D.I. 89-1, FAC Ex. A) |
| '405 patent | U.S. Patent No. 11,141,405 B2 (D.I. 1, Compl. Ex. A) |
| '442 patent | U.S. Patent No. 9,808,442 B2 (D.I. 9-4, 7/13/21 Shrestha Decl. Ex. D) |
| '482 patent | U.S. Patent No. 10,786,482 B2 (D.I. 9-12, 7/13/21 Shrestha Decl. Ex. L) |
| '621 patent | U.S. Patent No. 10,918,621 B2 (D.I. 9-13, 7/13/21 Shrestha Decl. Ex. M) |
| '745 patent | U.S. Patent No. 10,039,745 B2 (D.I. 9-5, 7/13/21 Shrestha Decl. Ex. E) |
| '868 patent | U.S. Patent No. 10,772,868 B2 (D.I. 9-11, 7/13/21 Shrestha Decl. Ex. K) |
| '987 patent | U.S. Patent No. 10,154,987 B2 (D.I. 9-6, 7/13/21 Shrestha Decl. Ex. F) |
| Alkem case | *Azurity Pharm., Inc. v. Alkem Labs. Ltd.*, C.A. No. 19-2100-MSG (D. Del.) |
| Alkem | Alkem Laboratories Ltd., defendant in related C.A. No. 19-2100-MSG |
| ANDA | Abbreviated New Drug Application pursuant to 21 U.S.C. § 355(j) |
| Annora | Annora Pharma Private Limited, defendant in related C.A. No. 21-196-MSG |
| Annora case | *Azurity Pharm., Inc. v. Annora Pharma Pvt. Ltd.*, C.A. No. 21-196-MSG (D. Del.) |
| Azurity | Plaintiff Azurity Pharmaceuticals, Inc., successor-in-interest to |

---

[*] All "D.I." references in this table and throughout the instant Brief are to the 21-1286 docket unless otherwise specified.

| Abbreviation | Meaning |
|---|---|
| | Silvergate Pharmaceuticals, Inc. |
| Azurity's enalapril liquid patent family | '008, '442, '745, '987, '482, '868,'621, '023, and '405 patents |
| Azurity's motion to dismiss or Azurity's MTD | D.I. 148, Plaintiff's Motion to Dismiss Counts III and IV of Defendant Bionpharma Inc.'s Counterclaims for Failure to State a Claim or, in the Alternative, to Bifurcate and Stay Them |
| Azurity's Stay Motion Opposition | D.I. 238, Plaintiff Azurity's Answering Brief in Opposition to Bionpharma's Motion to Stay Proceedings |
| Azurity's Stay Motion | D.I. 156, Plaintiff Azurity's Motion to Stay Antitrust Discovery Pending Resolution of the Motion to Dismiss |
| Azurity's TRO/PI Motion | D.I. 24, Azurity's Motion for Order to Show Cause for Temporary Restraining Order, Preliminary Injunction, and Other Emergent Relief |
| Bionpharma | Defendant Bionpharma Inc. |
| Bionpharma's ANDA | Bionpharma's FDA approved ANDA No. 212408 |
| Bionpharma's ANDA product | The 1 mg/mL enalapril maleate oral solution described in Bionpharma's ANDA |
| Bionpharma's Stay Motion | D.I. 213, Defendant Bionpharma's Motion to Stay Proceedings |
| Bionpharma's Stay Motion Opening Brief | D.I. 214, Defendant Bionpharma's Opening Brief in Support of Its Motion to Stay Proceedings |
| Bionpharma's Stay Motion Reply Brief | D.I. 242, Defendant Bionpharma's Reply Brief in Support of Its Motion to Stay Proceedings |
| BRFP | Bionpharma request for production |
| First Wave Suits | *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. Nos. 18-1962 and 19-1067 (D. Del.) |
| JSS | Joint scheduling submission |
| Judge Stark's January 2022 Orders | Judge Stark's January 4, 2022 Oral Order at D.I. 113 and January 27, 2022 Oral Order at D.I. 125. |
| Kelly Declaration | Declaration of Christopher J. Kelly in Support of Defendant |

| Abbreviation | Meaning |
|---|---|
|  | Bionpharma's Motion for Reconsideration on Scheduling, submitted concurrently herewith |
| The parties' motions to dismiss | Azurity's motion to dismiss and Bionpharma's Rule 12(c) motion |
| ROG | Interrogatory |
| Second Wave Patents | '868, '482, and '621 patents |
| Second Wave Suit | *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. No. 20-1256 (D. Del.) |
| 7/13/21 Shrestha Decl. | D.I. 9, July 13, 2022 Declaration of Roshan P. Shrestha, Ph.D. |
| 11/8/22 Shrestha Decl. | D.I. 215, November 8, 2022 Declaration of Roshan P. Shrestha, Ph.D. |
| Shrestha Declaration | The Declaration of Roshan P. Shrestha, Ph.D., submitted concurrently herewith |
| Third Wave Suits | *Azurity Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. Nos. 21-1286-MSG, 21-1455-MSG (D. Del.) |

Defendant Bionpharma respectfully submits the instant Brief in support of its Motion for Reconsideration on Scheduling.

## INTRODUCTION AND SUMMARY OF ARGUMENT

In January of 2022, following the first scheduling battle between the parties in these cases (*see* D.I. 116-119), Judge Stark (1) ordered the parties in these cases to proceed with discovery on all patent and antitrust claims and defenses, (2) rejected Azurity's request for an expedited schedule (with a three month fact discovery period, *see* D.I. 126 at ¶ 7(a)), and (3) adopted Bionpharma's two-year schedule with an 11-month fact discovery period that "provides the necessary and appropriate amount of time to complete needed new discovery (which may include patent defenses as well as antitrust counterclaims)." D.I. 113 and 125, January 2022 Orders. As explained in detail in Bionpharma's Stay Motion Opening Brief (D.I. 214), Azurity flouted those orders, and unilaterally stripped 8 months from the schedule by refusing to meaningfully engage in fact discovery, including by ***refusing to produce any antitrust discovery***. D.I. 214 at 4-8.

With the close of fact discovery fast approaching late last year, Bionpharma requested, and this Court granted, a stay of proceedings until the Court resolved the parties' (then-pending) motions to dismiss. D.I. 250, December 7, 2022 Order. As the Order granting the stay indicated that the Court would enter a new scheduling order after resolving the motions to dismiss, Bionpharma understood that the stay would remain in place until the Court entered that scheduling order. In any case, as explained further below, that stay was lifted ***at the earliest*** during the February 7, 2023 status conference when the Court denied Azurity's alternative motion to bifurcate and stay Bionpharma's antitrust counterclaims. D.I. 256, Text Order; D.I. 262, 2/7/23 Status Hr'g Tr. 12:10-14. On March 1, 2023, following the parties' submission of proposals on scheduling for remaining case deadlines, this Court entered its Amended Scheduling Order (D.I. 268), which

leaves the parties with only 4 months to complete fact discovery, approximately ***one-third*** of the what Judge Stark found was "necessary and appropriate" to complete patent and antitrust discovery in these cases. As explained below and in the accompanying Kelly Declaration, this is extraordinarily prejudicial to Bionpharma, seriously jeopardizing Bionpharma's ability to adequately develop its antitrust case and adequately complete patent discovery in these cases. Because of Azurity's intransigent refusal to engage in any antitrust discovery in these cases throughout almost all of last year, very little antitrust discovery has been exchanged to date,[1] and the parties still have significant patent discovery to exchange. Moreover, the parties have or will notice up ***26 depositions that will need to be taken***, and the documents for most of those depositions have not yet been searched for, reviewed, and produced. Bionpharma respectfully submits that 4 months—approximately one-third of what Judge Stark deemed necessary and appropriate—is simply not nearly enough time, and requiring Bionpharma to proceed under such an unjustified accelerated schedule will jeopardize Bionpharma's ability to adequately develop its antitrust case. Bionpharma respectfully requests that its Motion for Reconsideration be granted, that the Court's Amended Scheduling Order (D.I. 268) be vacated, and that the Court enter a scheduling order that provides the parties with at least another 9 months to complete fact discovery, which is closer to what Judge Stark envisioned as necessary and appropriate in these cases.

### STATEMENT OF THE NATURE OF THE CASE AND PROCEEDINGS

On November 9, 2022[2]—with the close of fact discovery fast approaching and with no antitrust discovery exchanged between the parties—Bionpharma moved this Court for a stay of

---

[1] Azurity made its first production of documents specific to Bionpharma's antitrust claims on February 23, 2023.

[2] The Court's attention is respectfully directed to pages 3-8 of Bionpharma's Stay Motion Opening Brief (D.I. 214) for a summary of the background of these cases before November 9, 2022.

proceedings until the Court resolved the parties' motions to dismiss; the Court granted that motion on December 7, 2022.  D.I. 250.  By the terms of the Court's stay order, discovery was to be stayed "pending disposition of Plaintiff's Motion to Dismiss and Defendant's Motion for Judgment on the Pleadings, at which time a status conference will be scheduled."  D.I. 250, Order at 1.  Azurity's motion to dismiss was not fully resolved until the February 7, 2023 status conference, when the Court denied Azurity's alternative motion to bifurcate and stay Bionpharma's antitrust counterclaims.[3]  Thus, contrary to Azurity's assertion (D.I. 264, JSS at 3), fact discovery in these cases could not have reopened before February 7, 2023, at the conclusion of the scheduled status conference.  And even then, because the parties could not agree on a proposed schedule going forward, the Court did not issue a scheduling order at that time, instead directing the parties to submit the JSS.  D.I. 261, Order.

On February 21, 2023, the parties submitted the JSS, which included vastly different proposals on scheduling.  Azurity proposed an unrealistic schedule with a two-month fact discovery period and trial one-month after the original trial date in this case, which the Court had vacated at the November 30, 2022 status conference.  D.I. 264, JSS at 1-2; D.I. 248, 11/30/22 Status Hr'g Tr. at 6:14-7:14.  Bionpharma, on the other hand, proposed a schedule more in line with Judge Stark's original Scheduling Order—with an approximately 9 month fact discovery period and with trial set for March of 2025—which Bionpharma maintained was appropriate because no antitrust discovery had been exchanged to date, and considerable patent discovery remained to be exchanged.  D.I. 264, JSS at 1-2, 10-14.

---

[3] See D.I. 256, Text Order holding under advisement Azurity's alternative motion to bifurcate and stay Bionpharma's antitrust counterclaims until a forthcoming status conference.  D.I. 258, Order setting February 7, 2023 status conference; D.I. 262, 2/7/23 Status Hr'g Tr. 12:10-14 (denying Azurity's alternative motion).  Azurity's assertion that discovery in these cases was "reopened" January 11, 2023, when the Court denied Azurity's motion to dismiss (D.I. 264, JSS at 3 n.2) is incorrect as it ignores that Azurity's alternative motion had not yet been fully resolved.

On March 1, 2023, the Court entered the Amended Scheduling Order (D.I. 268), essentially adopting Azurity's proposed schedule but extending Azurity's two-month proposal for completion of fact discovery to four months.  *Compare*, D.I. 268, Amended Scheduling Order, *with* D.I. 264, JSS at 1-2.  On March 7, 2023, the parties met and conferred regarding the substance of this motion, but Azurity refused to agree to stipulate to a more realistic schedule that allowed the parties sufficient time to complete fact discovery.  The instant motion followed.

## ARGUMENT

### I.   LEGAL STANDARD

Reconsideration may be granted if the movant can show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Sentient Sensors, LLC v. Cypress Semiconductor Corp.*, C.A. No. 19-1868 (MN), 2021 WL 1966406, at *1 (D. Del. May 17, 2021).

### II.   THE AMENDED SCHEDULING ORDER MUST BE VACATED TO PREVENT MANIFEST INJUSTICE

As explained above, following the first scheduling battle between the parties, Judge Stark adopted Bionpharma's two-year schedule with an 11-month fact discovery period, and specifically found that Bionpharma's proposal "provides the necessary and appropriate amount of time to complete needed new discovery (which may include patent defenses as well as antitrust counterclaims)."  D.I. 113 and 125, January 2022 Orders.  This settled the parties' expectations on scheduling, but Azurity was clearly not pleased.  As explained in detail in Bionpharma's Stay Motion Opening Brief, Azurity flouted those orders, and refused to engage in any meaningful patent discovery until around the September 12, 2022 deadline for substantial completion of

4

document production, after which it served over 70 percent of its Rule 34 requests for production. D.I. 214, Bionpharma's Stay Mot. Opening Br. at 5-7, 10-12 (with citations to the record).  Until late last year, Azurity refused to produce even the most basic patent discovery, such as invalidity/infringement documents from related actions.  *Id*. at 11-12.  And Azurity has still not provided its validity contentions for one of the two patents-in-suit (after initially promising to do so).  *Id*. at 7-8, 12 (with citations to the record); Shrestha Decl. Ex. A, 2/23/23 Email from R. Shrestha; *id*. at Ex. A, 3/1/23 Email from L. Shannon.

Most importantly, as also explained in detail in Bionpharma's Stay Motion Opening Brief, Azurity steadfastly refused to produce any antitrust discovery, treating its Motion to Stay Antitrust Discovery (D.I. 156) as if it were granted.  D.I. 214, Bionpharma's Stay Mot. Opening Br. at 5-7, 10-13, 16-17.  Azurity never disputed in briefing on Bionpharma's Stay Motion that no antitrust discovery had been exchanged last year,[4] but instead—as it did most recently in the JSS— attempted to blame Bionpharma for this by falsely alleging that "Bionpharma agreed to defer antitrust discovery for five months."  D.I. 238, Azurity's Stay Mot. Opp'n at 13; *see also* D.I. 264, JSS at 4.  As explained in Bionpharma's Stay Motion Reply Brief at pages 6-7 (D.I. 242, with citations to the record), any suggestion that Bionpharma somehow acquiesced or agreed to stay or hold in abeyance antitrust discovery ***is simply false***, and nothing more than an attempt by Azurity

---

[4] More recently, Azurity has alleged that it did produce antitrust discovery late last year, pointing to patent file histories and infringement/invalidity documents from related litigations and arguing that "some of the 'patent discovery' will be relevant to both issues."  D.I. 264, JSS at 4; Shrestha Decl. Ex. B, 2/27/23 Poonai Ltr. at 1.  While Bionpharma agrees that certain patent discovery will have relevance to Bionpharma's antitrust counterclaims, which are based on sham litigation, the fact remains that Azurity refused last year to produce ***any*** discovery specifically related to Bionpharma's antitrust counterclaims.  *See* D.I. 215-3, 11/8/22 Shrestha Decl. Ex. C, Azurity's Resps. to Bionpharma's First Set of ROGs (Response to Bionpharma ROG No. 4); D.I. 215-4, 11/8/22 Shrestha Decl. Ex. D, Azurity's Responses to BRFP Nos. 11-14, 18-19, 21, 24-29, 34, 44-66; D.I. 215-35, 11/8/22 Shrestha Decl. Ex. JJ (10/6/22 Azurity email continuing to refuse to produce antitrust discovery); Shrestha Decl. Ex. C, 2/24/23 Shannon Ltr. at 2-3 (pointing out numerous remaining deficiencies in Azurity's antitrust production).

to fabricate a new narrative and deflect blame.  Bionpharma served its antitrust discovery requests a year ago—in March of 2022—and was ready to proceed with antitrust discovery then, but Azurity refused to cooperate.  D.I. 214, Bionpharma's Stay Mot. Opening Br. at 5 (with citations to the record).

Because the amended scheduling order gives the parties only 4 months to make up all of this outstanding work (D.I. 268), Azurity's refusal to meaningfully engage in discovery last year has effectively truncated Judge Stark's 11-month fact discovery period by 7 months, to Bionpharma's prejudice.  Bionpharma respectfully submits that four months is simply not enough time for it to adequately develop its antitrust claims (as reflected in Judge Stark's January 2022 Orders).  *See* Kelly Decl. ¶ 3 ("In my experience, even antitrust litigation between only two parties can involve many months of discovery.  Even when there is no significant dispute as to the facts of the anticompetitive conduct alleged, there remains a very substantial amount of discovery to be done as to other important evidence.").  Azurity still has to produce numerous categories of documents pertaining to Bionpharma's antitrust counterclaims, including documents pertaining to: (1) corporate ownership (BRFP No. 11), organizational structure (BRFP No. 12), and ownership (BRFP No. 13), of and among Azurity, NovaQuest, and CoreRx; (2) communications with NovaQuest and/or CoreRx pertaining to generic competition for Epaned, Bionpharma, and/or Bionpharma's ANDA product (BRFP Nos. 22-24 and 29); (3) actual or potential generic competition with Epaned (BRFP Nos. 21, 25-26, 34, 40, 60-66); (4) Epaned's competition (BRFP Nos. 44-48, 63); and (5) pricing and market information for Epaned and its competitors (BRFP Nos. 50-53).  *See* D.I. 215-4, 11/8/22 Shrestha Decl. Ex. D, Azurity's Responses to Bionpharma's First Set of RFPs; *see also* Kelly Decl. ¶¶ 3-4 (identifying categories of discovery needed to support sham litigation claims).  Bionpharma, of course, needs those documents and other patent

discovery to commence depositions.  And the parties must also supplement their responses to each other's document requests.  Even putting aside the inevitable disputes that will arise over privilege claims in connection with the parties' discovery requests, the chances that each side will complete its discovery responses in the next four months are very slim.  Kelly Decl. ¶¶ 5-7.

Moreover, even if the parties had document production and written discovery completed today, it is unimaginable that depositions could be completed within the four months that the Amended Scheduling Order allows.  Azurity has noticed 14 depositions it intends to take (D.I. 264, JSS at 4, 11 n.14), while Bionpharma has recently noticed up 9 depositions (D.I. 269-277) and will likely notice up approximately 2-3 more.  That is *a total of 26 depositions*, which—under most circumstances—would require at least three months to complete, leaving the parties with less than a month to prepare.  But the parties could only begin preparing for those depositions if antitrust discovery is substantially complete, and, as explained herein, it is far from complete at this time.  For Bionpharma, this four-month discovery period unfairly jeopardizes its ability to adequately develop its antitrust case.  Indeed, in nearly 40 years of practice, Bionpharma's antitrust counsel has never seen a private civil antitrust case with such a short fact discovery period.  Kelly Decl. ¶ 7.  Simply put, the parties are nowhere near substantial completion of antitrust document production, but because of the sheer number of depositions that have and will be noticed soon (26 depositions), the parties will need to start depositions right away without critical documents in order to meet the Court's current fact discovery cutoff (July 7, 2023).

It is indisputable that while some, but not all, patent discovery was exchanged last year, no antitrust-specific discovery was exchanged, so that very little of the 11 months that Judge Stark envisioned for discovery was actually used.  And while Azurity argues that discovery in these cases reopened January 11, 2023 with the denial of Azurity's motion to dismiss, that is incorrect

for reasons explained above—at the earliest, fact discovery reopened as of February 7, 2023, when, at the status conference the Court had referred to in granting Bionpharma's stay motion, the Court denied Azurity's alternative motion to bifurcate and stay Bionpharma's antitrust counterclaims. And even then, without a schedule reinstating discovery, there was no basis for maintaining that discovery had resumed.  Rather, for the remainder of February, the parties were busy briefing this most recent scheduling dispute, and they have only now begun the process of supplementing discovery responses and serving deficiency letters.  Four months, added to what little time was spent on discovery before Azurity unilaterally brought it to a standstill, is nothing near the 11 months Judge Stark found necessary and appropriate for the parties to investigate their claims and defenses in these cases, and thus is inadequate to allow the parties to complete discovery in these cases.  Bionpharma respectfully submits that it will not be able to adequately develop its antitrust case in such a short time frame, which will be almost impossible to comply with.

## III.   AT LEAST 9 MONTHS OF FACT DISCOVERY ARE REQUIRED FOR BIONPHARMA TO ADEQUATELY DEVELOP ITS ANTITRUST CASE

In the JSS, Bionpharma proposed a schedule that largely followed the schedule Judge Stark ordered on January 27, 2022 (D.I. 126)—with a 9-month fact discovery period (shortened from Judge Stark's 11-month period)—because Azurity's refusal to engage in any meaningful discovery last year, until just before these cases were stayed, essentially left the parties where they were in January of last year.  D.I. 264, JSS at 1.  Bionpharma understands and accepts from the Court's Amended Scheduling Order that the March 2025 trial date Bionpharma had proposed is unacceptable to the Court, but Bionpharma respectfully submits that 9 months for fact discovery is indispensable to Bionpharma's ability to adequately develop its antitrust case.  Thus, in the proposed order accompanying the instant Motion, Bionpharma has proposed a modified version of its original proposal with fact discovery closing December 4, 2023, but with trial set for

September 16, 2024.  That is simply a 6-month total extension of the current trial date—not what Bionpharma originally requested, but one that would go a long way to ensure that Bionpharma has enough time to develop its antitrust case.  Kelly Decl. ¶¶ 8-9.  As explained in the JSS, Bionpharma's proposal is in line with other pharmaceutical antitrust cases.  *See, e.g.,* D.I. 264-1, JSS Ex. B-2, *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, C.A. No. 06-2768-MSG (E.D. Pa.) D.I. 250, Scheduling Order ¶ 2 (approximately 10 month fact discovery period); *id*. at Ex. B-3, *Abbott Labs v. Teva Pharm. USA, Inc.*, C.A. No. 2-1512-SLR (D. Del.) D.I. 390, Scheduling Order at 5 (approximately 1 year fact discovery period); *id*. at Ex. B-4, *Takeda Pharm Co. v. Zydus Pharm. (USA) Inc.*, C.A. No. 18-1994-FLW-TJB (D.N.J.) D.I. 79, Scheduling Order (9 month fact discovery period).  By contrast, Azurity points to no support for its assertion that fact discovery in a complex antitrust case can be completed in the two months it proposed, or in the four months ordered by the Court.

## IV.   AN ADDITIONAL 5 MONTHS OF FACT DISCOVERY WILL POSE NO PREJUDICE TO AZURITY

In its portion of the JSS, Azurity argued that its "paramount concern" was getting to trial as quickly as possible "so as to . . . enjoin Bionpharma's infringing generic product, which has been wrongfully on the market for 18 months, all the while eroding Azurity's market share."  D.I. 264, JSS at 2.  First, Azurity's complaints about Bionpharma's continued presence on the market eroding its market share are ironic, because ***Azurity is itself on the market with its own authorized generic that is taking sales away from its own branded product and eroding its own branded product's market share***.  *See* D.I. 214, Bionpharma's Stay Mot. Opening Br. at 15-16 (with citations to the record).  Second, setting aside the fact that Azurity is collaterally estopped from pursuing its infringement claims against Bionpharma because of this Court's decision in the Alkem case (Alkem case D.I. 213, Mem. Op.; Alkem case D.I. 214, Order; Bionpharma will be requesting

leave to file for summary judgment shortly), ***Judge Stark has already found that Azurity is not likely to succeed in these suits***. D.I. 87, Oral Order; D.I. 96, 11/10/21 Hr'g Tr. 103:19-24, 115:11-17. Third, in March of 2022, Judge Stark rejected Azurity's arguments that the continued presence of Bionpharma's ANDA product on the market, and Annora's launch, would prejudice it. Annora case D.I. 116, 1/28/22 Hr'g Tr. 68:23-73:22 (finding that a launch of Annora's ANDA product would not irreparably harm Azurity); *id*. at 71:5-8 ("Bionpharma launched, and here we are months later, and I do not believe that Azurity has been irreparably harmed"). In addition, Judge Stark found that all of Azurity's alleged harms from the presence of Bionpharma's and Annora's generic enalapril oral liquid products are likely quantifiable and monetarily compensable. *Id*. at 72:6-10 ("I would also like to add that any alleged harms are likely quantifiable and monetary compensable. ***This appears to have been true of the impact on the market from Bionpharma's launch of its unauthorized generic***." (emphasis added)). This Court itself has noted that Azurity has a damages remedy, so its cries of non-redressable harm from Bionpharma's continued presence on the market should be rejected. D.I. 248, 11/30/22 Hr'g Tr. ("THE COURT: You also have a damages remedy, right? MS. DEVINE: We do, that's correct. THE COURT: All right. So doesn't that dissipate your urgency in getting a trial date?").

## CONCLUSION

Judge Stark's January 2022 Orders settled the parties' expectations after a contentious battle on scheduling that Azurity lost. Azurity clearly did not like those Orders, and flouted its discovery obligations from entry of the original Scheduling Order (D.I. 126) until shortly before this Court stayed these actions. ***Bionpharma and its antitrust case should not be penalized for this***. Bionpharma respectfully requests reconsideration of the Court's Amended Scheduling Order to avoid a manifest injustice that will severely prejudice Bionpharma.

Dated:  March 8, 2023

/s/ *John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE  19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Of Counsel*:

Andrew M. Alul
Luke T. Shannon
Roshan P. Shrestha, Ph.D.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
312-527-4000
aalul@taftlaw.com
lshannon@taftlaw.com
rshrestha@taftlaw.com

Aaron M. Johnson
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-977-8400
ajohnson@taftlaw.com

Christopher J. Kelly
MAYER BROWN LLP
Two Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
cjkelly@mayerbrown.com

*Attorneys for Defendant*
*Bionpharma Inc.*